UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON WILSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Sharon Wilson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Sharon Wilson ("Plaintiff') is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chase Bank USA N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, PRA conducts business in Illinois.

7. Moreover, PRA is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

8. In fact, PRA acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

9. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Chase Bank USA N.A. consumer credit card account ("alleged debt"). Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. PRA purportedly purchased the alleged debt sometime thereafter.

12. PRA subsequently retained or hired the Law Office of Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), to attempt to collect the alleged debt from Plaintiff.

Upon information and belief, Blatt was at all times authorized to act on behalf of Defendants to attempt to collect the alleged debt from Plaintiff.

13. On or about January 8, 2014, Blatt filed a complaint on behalf of PRA against Plaintiff to collect the alleged debt, which complaint was filed in the Circuit Court of Cook County, First Municipal District, and styled *Portfolio Recovery Associates, LLC vs. Sharon Wilson*, Case No. 14-M1-100679 ("State Action"). (Exhibit C, Small Claims Complaint).

14. A default judgment against Plaintiff was entered in the State Action on February 20, 2014.

15. When Plaintiff learned of the default judgment against her, she consulted with the legal aid attorneys at the Debtors Legal Clinic, who on April 3, 2014, filed an appearance in the State Action and appeared on Plaintiff's Motion to Vacate Ex-Parte Default Judgment.

16. The Circuit Court of Cook County granted Plaintiff's motion and set the matter for status.

17. On April 8, 2014, Plaintiff's attorney faxed a copy of the order to Blatt, and disputed the debt, indicating that Plaintiff did not owe the alleged debt. (Exhibit D, Faxed Order).

18. The fax from Plaintiff's legal aid attorney further explained that Plaintiff had erroneously thought she could not participate in the proceedings against her if she could not afford to pay the court filing fee. (*Id.*)

19. Blatt received the fax from Plaintiff's legal aid attorneys on April 8, 2014.

20. Blatt subsequently communicated the fact of Plaintiff's dispute to its client, PRA.

21. Nearly two months later, on or about June 5, 2014, PRA communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, a balance, and a pay status. (Exhibit E, Excerpt of Plaintiff's TransUnion credit report).

22. PRA failed to note the alleged debt was disputed.

23. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations.**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

24. On or before June 5, 2014, PRA knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified PRA, through its counsel, of that dispute by letter on April 8, 2014.

25. Even though PRA knew or should have known, prior to June 5, 2014, that Plaintiff disputed owing the alleged debt, PRA failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when PRA communicated other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

26. PRA is liable for the acts and omissions of Blatt, committed in connection with efforts to collect the alleged debt from Plaintiff. (*See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding*, L.P., 225 F.3d 379 (3rd Cir. 2000)).

27. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges paragraphs 1-27 as if set forth fully in this count.

29. PRA failed to communicate that the alleged debt was disputed to the TransUnion consumer reporting agency when communicating other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8), since it knew or should have known that Plaintiff disputed the debt.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Michael J. Wood                  By: \s\ Michael J. Wood
Attorney at Law                      Michael J. Wood

Consumer Protection Law Center, Ltd.
565 W. Adams Street, Suite 635
Chicago, IL 60661
ph: 312.757.1880 | fax: 312.476.1383
mwood@cplc-law.com